IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICKY R. EWING**                                                                                   **PETITIONER**

**v.**                                                                         **CIVIL NO. 1:22-cv-188-HSO-BWR**

**ALICIA BOX, Record Dept. MDOC;**
**BURL CAIN, MDOC Commissioner;**
**and MDOC RECORD DEPT.**                                                      **RESPONDENTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I.   BACKGROUND

On July 22, 2022, an Order [1] was entered severing Ricky R. Ewing's habeas claims filed in a separate case, *Ewing v. Box*, Civil No. 1:22-cv-49-HSO-RHWR (S.D. Miss. July 27, 2022), and directing the Clerk to open a new civil action pursuant to 28 U.S.C. § 2254 for Ewing to pursue those habeas claims in this civil action. Order [1] at 2. Ewing claims that he fully served his sentence and should be released from incarceration. Pet. [1] at 5-10.

On September 22, 2022, the Magistrate Judge entered an Order [11] directing Ewing to provide the Court with the name of the proper Warden he was naming as a Respondent, as required by Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, as well as information

concerning the steps Ewing had taken to exhaust his available state court remedies. Order [11] at 3. Ewing was directed to file his response on or before October 4, 2022. *Id*. That Order [11] warned Ewing that "his failure to fully comply with this order in a timely manner or failure to keep this Court informed of his current address may result in the dismissal of the petition." *Id*. On October 6, 2022, the envelope [12] containing the Order [11] was returned to the Court by the postal service with a notation "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." Ret. Mail [12] at 1. The envelope [12] also had a notation reading, "No Longer at SMCI." *Id*. Ewing did not file the required response or otherwise respond to the Order [11] by the Court's deadline.

On October 18, 2022, the Magistrate Judge entered an Order to Show Cause [13] which required that, on or before October 31, 2022, Ewing: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [11]; and (2) comply with the Court's previous Order [11] by filing a response providing the information as directed by that Order [11]. Order to Show Cause [13] at 2-3. Ewing was warned that "failure to advise the Court of a change of address or failure to timely comply with any Order of the Court . . . may result in this cause being dismissed without prejudice." *Id*. at 3. On October 28, 2022, the envelope [14] containing the Order to Show Cause [13] and Order [11] was returned by the

postal service stating, "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD." Ret. Mail [14] at 1. The envelope [14] also had a notation reading, "NO LONGER AT THIS INSTITUTION, NO FORWARDING ADDRESS." *Id*. Ewing did not respond to the Order to Show Cause [13] or otherwise contact the Court about this case.

Since Ewing is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [11], [13]. On November 9, 2022, the Magistrate Judge entered a Second and Final Order to Show Cause [15] which required that, on or before November 23, 2022, Ewing: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [11], [13]; and (2) comply with the Court's previous Orders [11], [13] by filing a response providing the Court with additional information. Second and Final Order to Show Cause [15] at 2-3. Ewing was again warned that "failure to advise the Court of a change of address failure to timely comply with any order of the Court . . . will result in this cause being dismissed without prejudice and without further notice to Petitioner." *Id*. at 3. The envelope [16] containing the Second and Final Order to Show Cause [15] was returned by the postal service stating, "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD." Ret. Mail [16] at 1. Ewing did not respond to the Second and Final Order to Show Cause [15] or otherwise contact the Court about his case, and Ewing has taken no

3

action in the case since August 15, 2022.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).   The Court must be able to "clear [its] calendar of cases that [ ] remain[ ] dormant because of the inaction or dilatoriness of the parties seeking relief, . . . so as to achieve the orderly and expeditious disposition of cases."   *Link,* 370 U.S. at 630-31.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Id.* at 629-30.   The Court's authority to dismiss an action for failure to prosecute and failure to comply with its orders extends to habeas corpus petitions.   *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (affirming the district court's dismissal of a habeas petition for want of prosecution).

Ewing did not comply with three Court Orders [11], [13], [15], or supply the Court with a current address after being warned that failing to do so would result in the dismissal of his lawsuit.   *See* Order [6] at 2; Order [5] at 1; Notice of Assignment [4] at 1.   Despite these warnings, Ewing has not contacted the

4

Court or taken any action in this case since August 15, 2022, when he filed this Petition for Habeas Relief [9].

Such inaction represents a clear record of delay or contumacious conduct, and it is apparent that Ewing no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey the Court's Orders. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 15th day of December, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE